UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                        )<br>               Plaintiff,            )<br>                                                        )<br>       v.                                           )<br>                                                        )<br>RAMON GONSALEZ-REYES,     )<br>                                                        )<br>               Defendant.          )<br>_____) | CASE NO.   05-423 M<br><br>DETENTION ORDER |

Offenses charged:

    Count I:    Distribution of Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B), and Title 18, U.S.C., Section 2;

    Count II:    Distribution of Methamphetamine, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B), and Title 18, U.S.C., Section 2; and

    Count III:    Possession of Methamphetamine with Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A), and Title 18, U.S.C., Section 2.

Date of Detention Hearing: August 25, 2005.

    The Court, having conducted an uncontested detention hearing pursuant to Title

DETENTION ORDER
PAGE -1-

18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Lawrence Lincoln.  The defendant was represented by Jay Stansell.

The Government filed a Motion for Detention, to which the defendant stipulated.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug offense.  The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

    (a) The defendant poses a risk of nonappearance as his background, personal history and ties the Western District of Washington are unknown or unverified; and his immigration status is unknown.

    (b) Due to the nature and seriousness of the instant offense, combined with the defendant's unknown background and immigration status, release of the defendant would pose a risk to the community.

    (c) The defendant stipulated to detention.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure

future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 1st day of September, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-